SUPREME ROYAL CIRCLE OF FRIENDS OF THE WORLD *v.* MORRISON.

Opinion delivered October 14, 1912.

INSURANCE—BENEFIT SOCIETY—CONSTITUTION AND BY-LAWS.—The constitution and by-laws of a fraternal order become a part of the contract insuring its members, and, if not inconsistent with the terms of the certificate, will be binding as part of the contract.

Appeal from Howard Circuit Court; *J. T. Cowling,* Judge; reversed.

*Jones & Price* and *W. C. Rodgers,* for appellant.

1. The certificate of the society forms a part of the contract, and the court erred in holding that it was in conflict with the constitution and by-laws of the order, and in entering judgment in accordance with such holding. 73 Ark. 470; 75 Ark. 435; 76 Ark. 410; 79 Ark. 266; 96 Ark. 113; 80 Ark. 108; 88 Ark. 243; 19 Tex. Civ. App. 18; 83 U. S. 610; 74 Ark. 1, 8; 80 Ark. 419; 81 Ark. 512, 514; 94 Ark. 499, 502. Above authorities sustain the proposition that the constitution and laws of a fraternal order are a part of the contract of insurance. See also 97 Ark. 50; 53 Ark. 255; 74 Ark. 1; 67 Ark. 506; 98 Ark. 421.

2. The provision in the constitution and by-laws for an equitable gradation of dues and benefits is both just and necessary. It is shown that the assured had every opportunity to know the by-laws, and the presumption is that he knew the by-law in question. "Both sides are alike bound to comply with the

constitution and by-laws." 35 N. Y. S. 124; 1 Marv. 187, 40 Atl. 956; 14 Daly, 389; 118 Cal. 6.

3. The court having expressly found as a fact that the assured was over fifty-five years old, this special finding should have controlled, and the verdict should have been for the defendant. 40 Ark. 298, 327; 46 Ark. 17, 25; 50 Ark. 85, 97; 73 Ark. 428, 430; 74 Ark. 144, 147.

4. The laws of the order being a part of the contract sued upon, assured, in accepting the certificate, accepted also those laws. 98 Ark. 421.

5. The act of March 29, 1905, does not apply to benefit societies, and the court therefore had no jurisdiction to render judgment for penalty and attorney's fee. 97 Tex. 264; 83 Tex. 460; 81 Tex. 71.

*W. P. Feazel,* for appellee.

1. The policy, being an unconditional promise to pay the assured's beneficiary the sum of $300 upon his death, must prevail over any law of the order not made a part of the policy by the policy itself, which is in conflict with the terms of the policy. 52 Ark. 201; 55 Ark. 210; 97 Ark. 56; Niblack on Societies, 39; 98 Am. St. Rep. (La.) 469; 181 Mass. 111; 104 Fed. 638, 44 C. C. A. 93.

2. The court properly rendered judgment for penalty and attorney's fee. The statute makes no distinction between insurance companies, and applies to all alike. 92 Ark. 379; 86 Ark. 115.

FRAUENTHAL, J. This is an action instituted upon a certificate of insurance issued upon the life of Anderson Morrison, and in which appellee was duly designated as beneficiary. Appellant is a mutual benefit association organized under the laws of this State. It consists of a supreme body known as the "Supreme Royal Circle," which issues certificates of insurance upon the lives of its members and of numerous subordinate bodies or lodges, one of which was located in Howard County and known as "Beautiful Star, No. 268." Anderson Morrison became a member of the subordinate lodge, and made written application for the insurance. The certificate was issued by the supreme body on February 27, 1911, and the insured died within one year thereafter. It was alleged that the certificate

provided that appellant would pay the beneficiary three hundred dollars upon the death of the insured; that only fifty dollars had been paid thereon; and recovery was sought for the remainder. Appellant resisted recovery on the ground that by virtue of the by-laws of said order it was provided that if a member was over the age of fifty-five years and not more than sixty years old, and died during the first year, his beneficiary should receive one-sixth of the amount of his policy; that said Anderson Morrison was, at the time he became a member of the order and obtained said certificate, over the age of fifty-five years, and died within one year thereafter; that it had paid to the beneficiary the sum of fifty dollars which it alleged was the full amount due on the insurance contract. The written application was taken by one R. B. Martin, who represented appellant as an organizer of lodges. In the application as it was sent to appellant it is stated that the age of the insured was forty-nine years. But there was testimony adduced tending to show that when it was signed the applicant stated an age greater than fifty years, and that later and without his knowledge said Martin changed in the application the age to forty-nine years. The certificate of insurance provided as follows:

"The Supreme Royal Circle, through its executive officer, the supreme president, hereby agrees, in case of the death of the member aforementioned, to pay to such beneficiary as he may designate in writing on the reverse of this instrument the sum of three hundred dollars * * * ; provided, that the aforementioned member shall have fully and faithfully complied with the laws, rulings and regulations of the supreme, grand and subordinate circles of this order; otherwise this certificate is void and without force."

The by-laws of the order provide as follows: "Law No. 28. On the payment of one dollar per quarter in advance, each friend will be entitled to receive three hundred dollars as death benefit, * * * subject, however, to the modifications that may be made from time to time by the legislative department of the order."

"Law No. 44. Any member over fifty-five, and not more than sixty, his beneficiaries shall receive one-sixth of the amount of his policy if death occurs during the first year; * * * "

The case was submitted to the court sitting as a jury, who

found that the applicant for the certificate sued on was more than fifty-five years of age at the time he made such application; and that appellant paid his beneficiary the sum of fifty dollars, which was not accepted in full of all claims under the certificate; and there was sufficient evidence to warrant these findings. The court further found that the by-laws of the order and the certificate of insurance were in conflict as to the amount for which the appellant was liable, and held that the terms of the certificate were controlling. It thereupon rendered judgment in favor of appellee for the sum of two hundred and fifty dollars. It also rendered judgment for the recovery of damages and attorney's fees under the provisions of the act of the General Assembly of 1905 (Acts 1905, p. 308).

The sole question involved in this case is: to what amount was the beneficiary entitled under the contract of insurance herein sued on? The contract was made by a fraternal order with one of its members. Under certain provisions of its by-laws, this order was impowered to insure the lives of its members. The general rule is that the assured becomes a member of a benefit society by virtue of his certificate, and he must take notice of the provisions of its constitution and by-laws, and this rule obtains although the provisions of the constitution and by-laws are not recited in or made a part of the certificate. *Woodman of the World* v. *Hall,* 104 Ark. 538.

The constitution and by-laws of a fraternal order become a part of the contract insuring its members, and, if not inconsistent with the terms of the certificate, will be binding as a part of the contract. This principle has been approved in several opinions rendered by this court. *Block* v. *Valley Mut. Ins. Assn.,* 52 Ark. 202; *Johnson* v. *Hall,* 55 Ark. 210; *Woodman of the World* v. *Jackson,* 80 Ark. 419; *Supreme Lodge K. & L. of H.* v. *Johnson,* 81 Ark. 512; *Woodman of the World* v. *Hall, supra.*

In some of these cases it was expressly provided in the application or certificate of insurance issued that the laws and constitution of the order should be and become a part of the contract. But, whether recited in the certificate or not, and whether made expressly a part of the contract or not by the certificate or application, the constitution and by-laws of a mutual benefit society become a part of the contract of insur-

ance by virtue of the membership of the assured, and are binding if not inconsistent with the terms of the certificate. It is only when the provisions of the by-laws and the terms of the certificate are conflicting that the question arises as to which of these are controlling. It has been held by some authorities that when the two are in conflict the by-laws will govern for the reason that the society can make no contract in violation of the provisions of its constitution and by-laws. *Boward* v. *Bankers' Union*, 94 Mo. App. 442; *Goodson* v. *Nat. Masonic Accident Association*, 91 Mo. App. 339.

Other authorities hold, however, that if the society is impowered to issue such certificate and the by-laws are not expressly made a part thereof the terms of the certificate will control, upon the ground that the order will be deemed in such event to have waived the provisions of the by-laws; and also because the contract should be construed, if it is ambiguous, most liberally in favor of the assured. *Davidson* v. *Old People's Mut. Ben. Society,* (Minn.) 1 L. R. A. 482; Niblack on Benefit Societies, 294.

But we do not deem it necessary in the determination of this case to pass upon this question, for the reason that the provisions of the by-laws are not in conflict with the terms of the certificate sued on. According to the plan of insurance adopted by this order, the amount of the premium or assessment to be paid by a member is not graduated according to his age; whatever his age may be, the assessment or premium to be paid by him is the same. It is only provided that the amount of insurance shall be less than three hundred dollars in the event the member is over the age of fifty years, and still less in the event he is over the age of fifty-five years. All members of the age of fifty and under pay the same premium or assessment and receive the same amount of insurance. All members over the age of fifty pay the same premium or assessment as those under that age, but receive a less amount of insurance; and the amount which this latter class receive is a certain proportion of the amount named in the policy. By virtue of said by-law No. 44, when the member is over fifty-five years old and less than sixty, his beneficiary receives "one-sixth of the amount of his policy if death occurs during the first year." Now, the rights that grow out of a contract of insurance

in a fraternal order are necessarily governed by different rules of law from those which grow out of insurance sold by an ordinary insurance corporation.   In the former the assured by virtue of his certificate becomes a member of the order and is presumed to know the provisions of its constitution and by-laws which become a part of the contract of insurance, whether expressly made so by the certificate or not.   It is only where the two are in conflict that any question arises, and that is as to which is then controlling.   It follows that the provisions of the by-laws are read into the certificate.   According to the plan of insurance adopted by this society, it would appear that only one form of certificate is issued by it, and the amount named in such certificate or policy is always three hundred dollars. The by-laws being a part of the contract, the certificate must be read in connection with the by-laws, and the two in effect provide that the beneficiary shall receive upon the death of the member the sum of three hundred dollars, or a proportionate part thereof according to the age of the insured; that is to say, in the event the member is fifty years old or under his beneficiary shall receive three hundred dollars, and in the event the member is over the age of fifty years his beneficiary shall receive a proportionate part of that amount.

In the case at bar, without any misrepresentation on the part of the insured, his age was understated in the application. He became a member of this order and desired to obtain the insurance which it issued according to the correct age which he gave.   The amount of the assessment of premium which he was required to pay was the same, whether he was forty-nine or fifty-five years of age.   By becoming a member of this order, he is presumed to have acquainted himself with its constitution and by-laws and known that at his age he would obtain insurance for only a proportionate part of the sum named in the certificate.   The provisions of the by-law and the certificate, read together, thus form an uniform and harmonious plan for the insurance of members of various ages based on the payment of the same assessment or premium.   It follows that the above by-law of the society and the terms of the certificate are not in conflict, but, in the event the insured was over the age of fifty-five years and less than sixty years of age and his death occurred within one year after the issuance of the certificate, his bene-

ficiary was entitled to one-sixth of the amount named in the policy. The court, sitting as a jury, made a special finding that the insured was over the age of fifty-five years, and died within one year after the issuance of the certificate, which finding is conclusive.

Under the terms of the contract of insurance, therefore, the appellee was only entitled to receive the sum of fifty dollars, and this sum the court further found was paid by appellant to her. It follows that the court, on the special findings made by it, should have rendered judgment in favor of appellant. *Little Rock & Fort Smith Ry. Co.* v. *Young,* 74 Ark. 144.

The judgment is therefore reversed, and the case dismissed.