EMINENT HOUSEHOLD OF COLUMBIAN WOODMEN v. HOWLE.

Opinion delivered October 13, 1913.

1. INSURANCE—BENEFIT INSURANCE—EVIDENCE—BY-LAWS OF FRATERNAL ORDER.—The by-laws of a fraternal order constitute a part of the contract insuring its members, and evidence of the same is admissible, in an action against the order to enforce payment of an insurance contract, to show that deceased violated the contract in such a way as to prevent a recovery by the beneficiary. (Page 402.)

2. CERTIORARI—RECORD—IDENTIFICATION OF PAPER.—Where an amendment of the record is made by the circuit court and brought up on *certiorari,* showing that on motion of defendant a paper was filed in the trial court, before the commencement of the trial and marked filed, and where the stenographer's transcript of the evidence as incorporated in the bill of exceptions shows that the paper was read in evidence, and shows a call directing the clerk to copy the same, the paper being on file with the pleadings, the reference to it in the call, was sufficient identification of the paper, and authorized the clerk to respond to the call. (Page 402.)

Appeal from White Circuit Court; *Eugene Lankford,* Judge; reversed.

*S. Brundidge,* for appellant.

The testimony offered by the appellant to show that the deceased, Howle, was killed by the town marshal of the town of Searcy, who was acting in necessary self-defense against the deadly assault of Howle, was unquestionably competent under the issues formed by the pleadings. The constitution and by-laws of a fraternal order form a part of the contract of insurance, and will be held as binding where not inconsistent with the terms of the certificate. 52 Ark. 202; 55 Ark. 210; 80 Ark. 419; 81 Ark. 512; 98 Ark. 423.

*J. N. Rachels* and *John E. Miller,* for appellee.

The judgment should be affirmed because the bill of exceptions does not contain all the evidence. The policy sued upon was not made an exhibit to the complaint, and, if brought into the record, must come by way of the bill of exceptions. It was introduced in evidence, but does not appear in the bill anywhere, and the purported copy thereof appearing at page 5 of the transcript is nowhere called for nor identified as a part of the bill of exceptions. It is, therefore, not a part of the record. 101 Ark. 555; 46 Ark. 482; 45 Ark. 485.

*S. Brundidge,* for appellant in reply.

The record shows that a motion was filed to require appellee to file a copy of the policy sued on, which was conceded, and the copy filed. The copy appearing in the transcript was called for by the bill of exceptions, and is fully identified as a part of the record in the case. 101 Ark. 555-557; 80 Ark. 444.

McCulloch, C. J. John W. Howle, a citizen of the town of Searcy, White County, Arkansas, was a member in good standing of the Eminent Household of Columbian Woodmen, a fraternal insurance society, and held a policy or benefit certificate therein, payable to his wife, Laura O. Howle, who is the plaintiff in this action. He was killed in an encounter with the marshal of the town of Searcy, and this is an action to recover the amount of the benefit, which the officers of defendant society re-

fused to pay, denying liability on the part of the society on the alleged ground that his death occurred while he was violating the law.

The constitution and by-laws of the society are, according to the express terms of the benefit certificate, made a part of the contract, and they contain the following restriction upon the liability of the society, towit:

"If a guest holding a covenant shall  *  *  *  die in consequence of a duel, or of combat, except in self-defense,  *  *  *  or in consequence of violation, or attempted violation, of the law, by such guest,  *  *  *  the covenant shall be void and of no effect, and all payments made or benefits which might have been accrued thereon shall be forfeited without notice or service."

The defendant on the trial of the case offered to prove that deceased, Howle, at the time he was killed by the marshal of the town of Searcy, was violating the law of the State, in that he was making an unlawful assault upon said marshal, who killed deceased in self-defense.

The court refused to admit the testimony, or any of like character, and defendant saved its exceptions. This was error, and calls for a reversal of the case.

The by-laws constituted a part of the contract, as before stated, and the proof offered by defendant tended to show a violation of the contract on the part of deceased, which prevented recovery by the beneficiary. *Supreme Lodge K. & L. of H. v. Johnson,* 81 Ark. 512; *Supreme Royal Circle of Friends of the World v. Morrison,* 105 Ark. 140.

It is insisted, however, by counsel for plaintiff that the exception is not properly preserved in the record, for the reason that the benefit certificate is not properly brought up. An amendment of the record has been made by the circuit court and brought here on *certiorari,* showing that on motion of the defendant to make the complaint more definite and certain, the plaintiff confessed the motion and in compliance therewith filed a copy of the certificate with the complaint. The record shows, by the filing marks of the clerk, that the paper was filed as

a part of the pleadings before the trial commenced, and the stenographer's transcript of the evidence, as incorporated in the bill of exceptions, shows that the policy was read in evidence, and also shows a call directing the clerk to copy the same. The paper being on file with the pleadings in the case, the reference to it in the call, was sufficient identification, and authorized the clerk to respond to the call to copy it in the bill of exceptions, which has been done. We are of the opinion that the record was complete so as to preserve this exception, and that the error of the court is thereby made manifest. For that reason the judgment is reversed and the case remanded for a new trial.