HOWLE *v*. EMINENT HOUSEHOLD OF COLUMBIAN WOODMEN.

## Opinion delivered April 26, 1915.

BENEFIT INSURANCE—DEATH—VIOLATION OF LAW.—When a policy of insurance in a fraternal order provides for a forfeiture in case the insured met his death while committing an act in violation of law, *held*, in order to avoid the policy the insured must have met his death while voluntarily engaged in a violation of the law, and when the insured was insane and not responsible for his acts when the act was committed, then he did not voluntarily commit an unlawful act in violation of law.

Appeal from White Circuit Court; *J. M. Jackson*, Judge; reversed.

*Rachels & Miller*, for appellant.

1. We should have been allowed to prove the insanity of the deceased at the time he entered into the combat that caused his death. 76 N. Y. 426; 55 *Id.* 169; 95 U. S. 232; 109 *Id.* 101; 99 Mass. 317; 3 L. R. A. 486.

2. The "incontestable clause" bars all defenses after the lapse of time. 111 Ind. 462; 60 Am. Rep. 702; 11 N. E. 230; 173 Ind. 613; 89 N. E. 398; 91 *Id.* 230; 43 Ind. App. 321; 6 L. R. A. 731; 101 Tenn. 22; 42 L. R. A. 247; 189 Mass. 555; 2 L. R. A. (N. S.) 821; 97 Iowa, 226; 32 L. R. A. 473; 136 U. S. 297; 63 L. R. A. 453; Richards on Ins. Law (3 ed.) 536, § 383; 170 Ill. A. 79.

3. In the absence of any stipulation in the policy the fact the insured met his death in the commission of a felony does not constitute a defense. 57 Mo. App. 87.

4. All defenses are cut off by the time limit which has elapsed. 104 Ga. 256; 42 L. R. A. 261; 53 *Id.* 743. It was error to take the case from the jury and direct a verdict.

*S. Brundidge*, for appellee.

1. The abstract of appellant wholly fails to comply with rule 9 of this court and the judgment should be affirmed. 83 Ark. 359; 108 *Id.* 14; 87 *Id.* 205; 78 *Id.* 374; 75 *Id.* 517; 74 *Id.* 323; 81 *Id.* 327; and many others.

KIRBY, J.  This is the second appeal of this case, a sufficient statement of which appears in the opinion on the first appeal, *Eminent Household of Columbian Woodmen* v. *Howle,* 109 Ark. 400.

The court held there that the section of the constitution and by-laws of the society providing that the policy of insurance or benefit certificate should be void, if the death of the member or guest occurred while he was violating the law, became a part of the contract, proof of which would prevent a recovery by the beneficiary, and the case was reversed and remanded for a new trial because the court erred in refusing to permit the insurer to show that the insured met his death while violating the law.

On the trial anew, judgment was rendered against the appellant, from which she prosecutes this appeal and contends that the court erred in the exclusion of certain testimony.  She offered to show by the testimony of four witnesses that they were acquainted with her husband, the deceased, that they knew his mental condition at the time he engaged in the altercation with the town marshal of the town of Searcy, which resulted in his death and ''that he was of unsound mind, temporarily insane and crazy on the subject of the controversy between him and the town marshal, at the time, and not capable of understanding the consequences of his acts, nor responsible for them.''

The benefit association had the right to show that the insured met his death while engaged in a combat or in consequence of a violation of the law to avoid liability for the payment of the benefit in accordance with the terms of the contract, as already held.

A proper relation however must be shown to exist between the violation of the law and the death of the insured to make good the defense—that is that death followed as a natural and legitimate effect of such violation.  Bacon Benefit Societies, section 339; *Insurance Co.* v. *Seaver,* 19 Wallace 531; *Murray* v. *New York Life*

*Ins. Co.,* 96 N. Y. 614; *Bloom* v. *Franklin Life Ins. Co.,* 97 Ind. 478.

Under our law if the deceased was of unsound mind and not responsible for his acts in assaulting the marshal of the town by whom he was killed, he could not have been convicted of an offense if the combat had resulted differently, and the marshal been killed by him instead, and the authorities also hold in accordance with this view that the deceased must have met his death while voluntarily engaged in a violation of the law, in order to avoid the policy or benefit certificate on that ground.

An act can not be regarded as voluntary, where the person doing it does it under the control of an insane impulse which deprives him of the capacity to govern his own conduct in accordance with reason. *Newton* v. *Mutual Benefit Life Ins. Co.,* 76 N. Y. 426.

And if the insured was of unsound mind, insane, and not responsible for his acts at the time he was killed as the evidence offered tended to show, then he did not voluntarily violate the law, not being responsible for the consequences of his acts, because of his insanity, and the fact that he was killed in the difficulty which he provoked, was not such a violation of the law within the meaning of the contract, as would avoid it.

We have not found any case directly in point, but see no reason why it is not controlled by the same principle that prevents the death of the insured by his own hand when he is insane, from forfeiting his policy, providing it shall be void if the insured committed suicide.

In *Blackstone* v. *Standard Accident Insurance Co.,* 3 L. R. A. 486, it was held that where there was testimony sufficient to go to the jury on the question of the sanity of the insured at the time he came to his death by his own hands, that the policy was not forfeited under its terms, providing that it should be void if the insured committed suicide. See, also, *Charter Oak. L. Ins. Co.* v. *Rodel,* 95 U. S. 232.

The court erred in excluding the testimony and the judgment must be reversed therefor.

It is too late to raise the question now that under a clause in the policy, appearing to limit the grounds for contest thereof to two, not including the death of the insured while engaged in the violation of the law, that such provision can not be considered a defense, it having been held in the former opinion, which is the law of the case, that such provision of the by-laws became a part of the contract of insurance and constituted a defense to the suit.

The abstract herein is sufficient to raise the questions presented and it is stated in the brief that they were saved at the trial by proper objections, and exceptions, and also in a motion for a new trial filed, which was referred to in the brief.

For the error pointed out, the judgment is reversed and the cause remanded for a new trial.