UNITED ORDER OF GOOD SAMARITANS *v.* THOMPSON.

Opinion delivered February 14, 1927.

1. INSURANCE—FRATERNAL INSURANCE—CONSTITUTION AND BY-LAWS. —The constitution and by-laws of a fraternal order become part of the contract insuring its members.

2. INSURANCE—DEATH OF SUSPENDED MEMBER.—Under a benefit certificate providing that the insured should be automatically suspended for nonpayment of more than one month's dues, and that a subsequent payment will not entitle the insured or the beneficiary to any benefits if sickness or death occur before the expiration of 30 days from reinstatement, *held* that, where a member suspended for nonpayment of two months' dues died within 30 days after paying his back dues, his beneficiary was not entitled to recover on his benefit certificate.

Appeal from Woodruff Circuit Court, Southern District; *E. D. Robertson,* Judge; reversed.

STATEMENT OF FACTS.

Sena Thompson sued the United Order of Good Samaritans to recover the sum of $300, alleged to be due her on a benefit certificate. The suit was defended on the ground that the policy was not in force at the time that the insured died.

On the first day of January, 1922, the United Order of Good Samaritans, a fraternal insurance company incorporated under the laws of the State of Arkansas, issued to Henry Thompson a benefit certificate. The certificate reads, in part, as follows:

"This is to certify that Henry Thompson, of Cotton Plant, is a member of Shady Grove Colony No. 226, subordinate to the supreme colony, Arkansas jurisdiction. In consideration of the issuance of this certificate and of an agreement to be governed by the constitution and by-laws of the supreme colony and to pay the local colony the requisite amounts to maintain membership in the society, the supreme colony, upon the satisfactory proof of the death of the above member, promises to pay to Sena Thompson, who bears the relationship of wife, the sum of three hundred dollars, or the sum of its value, in accordance with the general law."

The benefit certificate also contains a clause as follows:

"The constitution, by-laws, medical certificate and all laws that may be hereafter adopted by the supreme colony shall be read together as a part of this contract."

The plaintiff also introduced in evidence by-laws of the subordinate lodge of which the insured was a member. Section 3 reads as follows: "Any brother or sister neglecting to pay all arrears to the funds of the colony for two months shall be automatically suspended, and, during such suspension, he (she) shall forfeit all claims on the order, and should he (she) desire to return, he (she) shall pay all indebtedness and contributions that may have been assessed on each member in the interval between his (her) suspension and time of return, and shall stand over one month before he (she) shall be entitled to any benefits."

According to the testimony of Ethel Peaden, she was financial secretary of the local lodge at the time the transaction in question took place. It was the custom of the local lodge to collect dues at the meeting held on the

first Tuesday night in each month. Henry Thompson was not present in September, 1924, and did not pay his dues that night. He was present at the meeting on October 7, 1924, and at that time paid his dues for September and October. The dues were ninety cents per month, and he also paid a tax or penalty of fifty cents. This made a total payment of $2.30. It was the duty of the local lodge to send the dues to the secretary of the supreme colony by the tenth of each month. The secretary of the local lodge sent them to the secretary of the supreme colony in time for them to have been received by the tenth instant. Henry Thompson died on October 16, 1924.

The constitution and by-laws of the supreme colony were introduced in evidence by the defendant. Section 6 is as follows: ''When the dues exceed one month's dues, taxes and fines included, the insured shall be automatically suspended, and in case of sickness or death neither supreme, grand nor subordinate colonies shall be liable for any sum under the contract. Should the dues be paid, neither the insured nor the beneficiaries shall be entitled to any benefits if sickness or death occurs before the expiration of thirty (30) days; also, the subsequent payment of such arrears shall not entitle the insured, or beneficiary, to any benefits for sickness or death occurring during the period of such suspension. The insured will not be permitted to pay up while sick.''

According to the secretary of the supreme colony, the dues sent in by the local lodge in payment of the arrears of Henry Thompson had not been received by the 10th of October, 1924. After the death of Henry Thompson the amount of $2.30, paid by him to the secretary of the local lodge on October 7, 1924, was tendered to his widow, and she refused to accept the same.

From the verdict and judgment against it the defendant has duly prosecuted an appeal to this court.

*Ross Mathis,* for appellant.

*W. D. Trice* and *Ed Trice,* for appellee.

HART, C. J., (after stating the facts). Counsel for the defendant relies for a reversal of the judgment on the ground that, under the by-laws of the supreme colony, the benefit certificate sued on had lapsed at the time of the death of Henry Thompson, and that there was no liability under the terms of the benefit certificate. In this contention we think counsel is correct. On the 9th day of August, 1924, the supreme colony adopted the rules and by-laws of which § 6, copied in our statement of facts, is a part. The benefit certificate sued on was issued by the supreme colony, and had lapsed for the nonpayment of the assessment for the month of September, 1924. It is true that the insured paid the assessment for September on October 7, 1924, and at the same time paid his assessment for the month of October. It will be noted, however, that, under the provisions of § 6, when a member is in arrears for one month's dues he is automatically suspended. Under the provisions of that section the member was entitled to pay up his arrears on the 7th day of October, 1924, and the record shows that he did so. The section further provides that, should the dues be paid, neither the insured nor the beneficiaries shall be entitled to any benefits if sickness or death occurs before the expiration of thirty days thereafter; and also the subsequent payment of such arrears shall not entitle the insured, or beneficiary, to any benefits for sickness or death occurring during the period of such suspension. The record shows that the plaintiff died on October 16, 1924, which was within the thirty-day period.

It is a settled rule of this court that the constitution and by-laws of a fraternal order become a part of the contract insuring its members, and this is especially so where the certificate, as in the case at bar, provides that the constitution and by-laws of the order shall be a part of the contract of insurance. *W. O. W.* v. *Hall*, 104 Ark. 538, 148 S. W. 526; *Supreme Royal Circle* v. *Morrison*, 105 Ark. 140, 150 S. W. 561; and *Mutual Aid Union* v. *Lovitt*, 170 Ark. 745, 281 S. W. 354.

The benefit certificate in the case at bar especially provides that it is to be governed by the constitution and by-laws of the supreme colony.   Again, it provides that the constitution and by-laws of the supreme colony shall be read together as a part of the contract.   It is plain, when this is done, that the contract of insurance was not in force when the insured died.   He had been automatically suspended for nonpayment of dues, and the thirty days during which, under the by-laws, he was not entitled to any benefit for sickness or death, had not expired when he died.

Counsel for the plaintiff, however, seeks to avoid the force of § 6 by invoking the provisions of § 3, which is also copied in our statement of facts.   The record shows that § 3 was adopted as a by-law of the local lodge.   As such, it could only govern the rules under which persons were entitled to membership in that lodge.   The benefit certificate especially provides that the constitution and by-laws of the supreme colony shall be a part of the contract of insurance.   As we have already seen, when the contract of insurance of the benefit certifcate and the constitution and by-laws of the supreme colony are read together, the insured was suspended at the time of his death and was not entitled to any benefit for sickness or death at that time.   Besides, there is nothing in the benefit certificate which makes the rules and by-laws of a subordinate lodge part of the contract of insurance.   .

The result of our views is that the circuit court should have directed a verdict for the defendant, and erred in not doing so.   Therefore the judgment will be reversed, and, inasmuch as the plaintiff's case has been fully developed, her cause of action will be dismissed here.