UNITED ORDER OF GOOD SAMARITANS *v.* BETTS.

Opinion delivered March 18, 1929.

*A. D. Whitehead,* for appellant.

*Sheffield & Coates,* for appellee.

SMITH, J. Appellee recovered judgment for the amount of a benefit certificate issued to her on the life of her mother by the appellant order. For the reversal of the judgment it is insisted that the monthly dues were not paid within the time required by the by-laws of the order, and that an erroneous instruction on the subject of the waiver of this payment was given by the court, and that the proof of death was not made within sixty days, as required by the by-laws.

The certificate sued on is identical with the one set out in the opinion in the case of *United Order of Good Samaritans* v. *Thompson,* 172 Ark. 884, 290 S. W. 965, and the by-law which we held prevented a recovery in that case was offered for the same purpose in the instant case. This by-law provided that dues should be paid by the 10th of each month, and, if not so paid, the delinquent member should be automatically suspended and no liability be enforced against the order during such suspension. The insured died within less than thirty days of the time of payment of the alleged delinquent dues. The by-law further provided that, ''should the dues be paid, neither the insured nor the beneficiaries shall be entitled to any benefits if sickness or death occurs before the expiration of thirty days. Also, the subsequent payment of such arrears shall not entitle the insured or beneficiary to any benefits for sickness or death occurring during the period of such suspension.''

In construing the language just quoted, which was also quoted in the Thompson case, *supra,* we held that the subsequent payment of delinquent dues to the order would not entitle the beneficiary to recover if the insured died within thirty days of the date of such payment, for the reason that ''the section (quoted) further provides that, should the dues be paid, neither the insured nor

the beneficiaries shall be entitled to any benefits for sickness or death occurring during the period of such suspension.''

The testimony was conflicting as to whether the dues had been paid within the time required by the by-laws, and was legally sufficient to support a finding either way on that subject. But the court gave, over appellant's objection, an oral instruction in which the jury was told that, ''if they (the dues) were not paid by the 10th, if the company accepted them as payment, then they would be estopped from denying that they had received it, thereby they would waive prompt payment of the premiums if they accepted the premiums and kept them.'' The effect of this instruction is to nullify the provision of the by-law quoted above, which, we held in the Thompson case, was valid, that is; that the subsequent payment of delinquent dues did not, for a period of thirty days after such payment, reinstate the delinquent. The court was in error therefore in telling the jury that the order was estopped, by the receipt of this delinquent payment, from relying on the by-law quoted.

There was conflicting testimony as to whether the proof of death had been made within sixty days after the death of the insured, as the by-laws of the order required. On behalf of appellee the testimony was to the effect, (1) that proof of death was furnished within the sixty days, and (2) that, within that time, the order denied liability on the certificate. Proof of either of these facts would suffice to meet the requirement in regard to proof of death, and we think the testimony was legally sufficient to support both of them.

But, for the error indicated, the judgment must be reversed, and it is so ordered.