UNITED ORDER OF GOOD SAMARITANS *v.* BETTS.

Opinion delivered December 9, 1929.

*A. D. Whitehead,* for appellant.

*Sheffield & Coates,* for appellee.

McHANEY, J.   This is the second appeal of this case. The opinion on the former appeal may be found in 179 Ark. 203, 14 S. W. (2d) 1108.   The case was reversed because of an erroneous instruction given by the trial court which, in effect, nullified a by-law of the order providing that dues should be paid by the 10th of each month, and that, if they were not so paid, the delinquent member should be automatically suspended, and no liability enforced against the order during such suspension.

On a retrial there was again a verdict and judgment for appellee.   For a reversal it is again urged, as in the former appeal, that the evidence is insufficient to support the verdict as to the time of payment of dues, and that no proof of death had been made within sixty days after death of the insured, as required in the by-laws.   The evidence on both points is substantially the same in this record as in the other, and the former opinion concludes appellant on both points.   We there said:   "The testimony was conflicting as to whether the dues had been paid within the time required by the by-laws, and was legally sufficient to support a finding either way on that subject."   On the other point we said:   "There was conflicting testimony as to whether the proof of death had been made within sixty days after the death of the insured, as the by-laws of the order required.   On behalf of appellee the testimony was to the effect, (1) that proof of death was furnished within the sixty days, and (2) that, within that time, the order denied liability on the certificate.   Proof of either of these facts would suffice to meet the requirement in regard to proof of death, and we think the testimony was legally sufficient to support both of them."

Appellant requested an instruction providing against a recovery if the jury should find no proof of death was

made within sixty days. The court modified it by adding, "unless you further find that defendant denied liability on the policy within said sixty days." It is said that this modification was error. But not so. We specifically so held on the former appeal of this case. See also *Mut. Ben. H. & A. Assn.* v. *Tilley,* 176 Ark. 525, 3 S. W. (2d) 320.

It is finally said that the court erred in admitting the receipt for dues, which did not show on its face what it was for, and was not dated. Appellee identified the receipt as dues for January. Appellant's witness Burton identified it as having been issued by her as a receipt for dues, but for a different time. Since both parties agree that it was a receipt for dues, we can see no error in admitting the writing. Since it did not speak for itself as to what dues were being paid, it was proper for each party to testify to its purpose, and for the jury to determine the truth of the matter.

We find no error, and the judgment is affirmed.