UNITED ORDER OF GOOD SAMARITANS v. GRIGSBY.

Opinion delivered December 9, 1929.

*A. D. Whitehead,* for appellant.

*W. G. Dinning,* for appellee.

HUMPHREYS, J.   This is an appeal from a judgment for $300 rendered by the circuit court of Phillips County against appellant upon an insurance policy issued by it upon the life of Annie Grigsby, in which appellees were the beneficiaries.

Appellant filed an answer to the complaint, denying liability under the policy upon the ground that the insured, Annie Grigsby, died during the time that she was automatically suspended from the order for failure to pay her July, 1927, dues, on or before the 10th day of said month, or within the time prescribed by the constitution and by-laws of the order.

The cause was heard upon the pleadings and testimony introduced by the respective parties, at the conclusion of which each party requested an instructed verdict, and made no request for additional instructions.   The court refused appellant's request, and instructed a verdict for appellee.   The only question therefore presented by the appeal is whether there is any substantial evidence to support the verdict and consequent judgment.

The insured died on August 1, 1927.   She did not pay her July dues until July 11, 1927.   The policy provided that the constitution and by-laws of appellant's order should be read together as a part of the contract.   Appellant introduced §§ 7 and 10 of article 9 of the by-laws and constitution of the order to fix the status of the insured as a delinquent and a suspended member of the order at the time of her death.   The sections are as follows:

"Section 7.   If the dues are not received at the home office by the tenth of each month, policy is automatically lapsed and becomes null and void; should the member fail or refuse to pay any taxes or fines levied by the supreme, grand or subordinate colony, should sickness or

death occur after thirty days from the date said taxes were due, neither the supreme, grand or subordinate colony shall be liable for any benefits, and the certificate shall become absolutely null and void, although the endowments have been paid."

"Section 10. If the dues are not paid by the 10th of the month due, the insured shall be automatically suspended, and in case of sickness or death neither the supreme, grand or subordinate colony shall be liable for any sum under the contract. Should the dues be paid, neither the insured nor the beneficiaries shall be entitled to any benefit, if sickness or death occurs before the expiration of thirty days; also the subsequent payment of such arrears shall not entitle the insured or beneficiaries to any benefits for sickness or death occurring during the period of such suspension."

The section quoted, standing alone, under the construction placed upon similar provisions in fraternal insurance policies in the cases of *United Order of Good Samaritans* v. *Thompson,* 172 Ark. 884, 290 S. W. 965, and *United Order of Good Samaritans* v. *Betts,* 179 Ark. 203, 14 S. W. (2d) 1108, would relieve appellant of liability in this case; but the sections do not stand alone in the policy in the case at bar. Appellee introduced in evidence the second paragraph of § 6, article 9, of the constitution and by-laws of the order, not called to our attention in the cases cited, if there was such a rule, which is as follows:

"The dues are payable in advance, and must be paid on or before the first of the month, with ten days grace."

This section applies to policies upon which monthly dues are payable, and means that the insured had ten full days after the first day of the month within which to pay her July dues. She paid the dues on July 11, within the period of the ten days grace allowed her under the clause last quoted. If there is a conflict between this provision and the sections first quoted, which there seems to be, the provisions most favorable to the insured should be

applied and the beneficiaries allowed to recover. Under our construction of the latter provision, the trial court's peremptory instruction in favor of appellee was correctly given.

No error appearing, the judgment is affirmed.

KIRBY, J., dissents.