**Roma B. SHOAF, Plaintiff,**

v.

**WORLD INSURANCE COMPANY, a corporation, Defendant.**

**No. 279.**

United States District Court
N. D. Florida,
Gainesville Division.
June 11, 1958.

Parks M. Carmichael, Scruggs, Carmichael & Avera, Gainesville, Fla., for plaintiff.

William C. O'Neal, Gray, Chandler, O'Neal & Carlisle, Gainesville, Fla., for defendant.

CARSWELL, Chief Judge.

This is before the Court on plaintiff's motion for summary judgment. No material facts are in dispute.

The defendant, World Insurance Company, entered into a contract of insurance with Henry Shoaf, deceased husband of plaintiff, insuring his life in the total amount of $20,000. The contract was executed and became operative on November 10, 1955. The sole question before the Court is the construction of the clause of the contract providing: "A grace period of one month (not less than thirty days) without interest shall be granted for the payment of every premium after the first, during which period this policy shall continue in force."

In computing periods of grace in insurance policies, it is first necessary to determine when the period begins to run. As stated in Pacific Mutual Life Insurance Co. v. Sutherland, 1939, 276 Ky. 829, 125 S.W.2d 769, 771:

"It is fundamental that the grace period in insurance policies cannot start to run until default in payment of premium, nor can there be default before the premium becomes due."

In determining date of default here the language of subject contract provides that "premiums may be paid annually, semi-annually, or quarterly at the company's rates therefor". Pursuant to this agreement, the insured made a quarterly payment on November 10, 1955, and thereafter made quarterly payments in February, May, August, etc. The tenth day of these months was treated as the due date for payments by the parties. The insured made his last quarterly payment on May 10, 1957. He died September 10, 1957.

On this issue the defendant contends that the coverage of the policy began November 10, 1955, and that the first quarterly payment afforded coverage until midnight February 9, 1956, and the subsequent payments affording coverage until midnight of the 9th of May, August, November; the last quarterly payment affording coverage for the quarterly period beginning May 10th and ending at midnight, August 9, 1957; the grace period thereby expiring at 12:00 midnight September 9, 1957.

The basic premise of this contention is erroneous. Admittedly, the first quarterly payment was made on the 10th of November. Adopting defendant's theory that the next payment was due the 9th of February would be against the weight of all authority mentioned below and would make the contract illogical and confusing. Under this theory, if the insured made his second payment on February 9th as defendant contends he should have,

by application of the same logic his third quarterly payment should become due and payable on May 8th, and so on. Even without this demonstrably cumbersome result, it is clear that a quarter would not expire until the corresponding day of the month three months later in the absence of a plain provision to the contrary. Such is the ordinary understanding in contractual agreements of all descriptions, and it is given sanction by the authorities cited below in the application of the same logic to the construction of the "grace clause".

Coverage, therefore, ran in accordance with the contract until and including "the due date of the next premium", that date being August 10, 1957. The insured's premium was due by midnight of that day. He was not in default until immediately thereafter. Thus, computation must be made with reference to the grace period from this date.

 Regardless of the length of the given period of grace in a policy, the problem of computation has been considered by the Florida Court and it is established that "in computing time the first day should be excluded and the last day included". Silvernail v. American Fire and Casualty Co., Fla.1955, 80 So.2d 707, 708. Similar holdings are found in Aetna Life Insurance Co. of Hartford, Connecticut v. Wimberly, 1908, 102 Tex. 46, 112 S.W. 1038, 23 L.R.A.,N.S., 759; United Order of Good Samaritans v. Grigsby, 1929, 180 Ark. 610, 22 S.W.2d 31; Swayze v. Mutual Life Insurance Co., D.C.D.Kan.1929, 32 F.2d 784; David P. Eastman, Inc., v. Northwestern Mutual Life Insurance Co., 1932, 169 Wash. 125, 13 P.2d 488.

Here the period of grace is for "one month (not less than thirty days)". Under the common law, the term "a month" was considered a lunar month of twenty-eight days. Application of such a constrained and technical definition to the common and ordinary understanding of the word has long since been abandoned.

In Bacon v. State of Florida, 1886, 22 Fla. 46, the Court said:

"We think that where the term *month* is used in an order of this kind, and no other meaning is given to it by the terms of such order, it should be construed as meaning a *calendar* month. Such is the common understanding of the term, and such has been the practical construction of the word in this State in matters of practice. In England, it is said to have originally meant, at common law, a lunar month, or twenty-eight days * * * The decisions of the State courts are not reconcilable. We prefer those which favor a construction of it as a calendar month, and such is the view of the Supreme Court of the United States."

See also Guaranty Trust & Safe-Deposit Co. v. Buddington, 1891, 27 Fla. 215, 9 So. 246, 12 L.R.A. 770; Guaranty Trust and Safe Deposit Co. v. Green Cove Springs and Melrose Railroad, 1890, 139 U.S. 137, 11 S.Ct. 512, 35 L.Ed. 116; Simmons v. Hanne, 1905, 50 Fla. 267, 39 So. 77; State ex rel. Slay v. White, 1917, 73 Fla. 426, 74 So. 486.

Upon application of these guides, it is clear that the grace period in this contract did not expire until midnight September 10, 1957. This is merely underscored by the additional language of the clause here: "not less than thirty days".

 Florida is in line with the general view that insurance contracts are to be liberally construed in favor of the insured, so as not to defeat without necessity, the claim to the indemnity which the policy protects. See New York Life Insurance v. Bird, 1943, 152 Fla. 532, 12 So.2d 454. The heaviness of the burden of the insurer here is so plainly established, it is scarcely necessary to weigh this holding on such sensitive scales.

In conformity herewith, judgment is entered for plaintiff.