## Gottlieb *v.* Abraham Lincoln Mutual Life Insurance Company, Appellant.

*Insurance—Life insurance—Payment of premiums—Days of grace—Failure to pay premiums—Forfeiture.*

Where a policy of life insurance provides that "after the first premium shall have been paid a grace of thirty days, during which the contract shall remain in force, will be allowed in the payment of premiums by the insured or by anyone for him," and it appears that the

insured paid the first premium and died without paying the second and within thirty days after it became due, the failure to pay the second premium within the days of grace does not involve a forfeiture of the policy.

Argued March 30, 1909. Appeal, No. 9, Jan. T., 1909, by defendant, from order of C. P. No. 2, Phila. Co., Sept. T., 1908, No. 1,873, making absolute rule for judgment for want. of a sufficient affidavit of defense in case of Bernhard Gottlieb, Administrator of the Estate of Joseph Gottlieb, deceased, v: Abraham Lincoln Mutual Life Insurance Company. Before MITCHELL, C. J., FELL, MESTREZAT, ELKIN and STEWART, JJ. Affirmed.

Assumpsit on a policy of life insurance.

Rule for judgment for want of a sufficient affidavit of defense.

The opinion of the Supreme Court states the case.

The court made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*T. Elliott Patterson,* for appellant.—Promptness of payment of premiums is essential in the business of life insurance: Klein v. N. Y. L. I. Co., 104 U. S. 88–92.

The assured can only take advantage of the days of grace at his own risk and if he dies before actual payment, the policy is gone: Rogers to use v. Capitol Life Ins. Co., 1 W. N. C. 589; Lantz v. Ins. Co., 139 Pa. 546; Want v. Blunt, 12 East, 183.

*Bernard Harris,* for appellee.—"Days of grace" are regarded in law as a matter of right and not as a mere favor: Bank of Washington v. Triplett, 26 U. S. 25; Taylor v. Life Assur. Society, 134 Fed. Repr. 932.

The contract of insurance was a continuing contract, and did not lapse before the death of the insured: Worden v. Life Ins. Co., 39 N. Y. Super. Ct. 317.

While, as it has already been stated, there are no decisions directly on the point at issue decided by the appellate courts of Pennsylvania, there are, nevertheless, several decisions by the appellate courts in other states in favor of the appellee's contention in this case, and there are likewise decisions by the federal courts bearing directly upon the point at issue: Kentucky Life & Accident Ins. Co. v. Kaufman, 102 Ky. 6 (42 S. W. Repr. 1104); Worden v. Life Ins. Co., 39 N. Y. Super. Ct. 317; Prudential Ins. Co. v. Devoe, 98 Md. 584 (56 Atl. Repr. 809); Homer v. Ins. Co., 67 N. Y. 478; McMaster v. Ins. Co., 78 Fed. Repr. 33; Taylor v. Life Assurance Society, 134 Fed. Repr. 932; Murray v. Ins. Co., 151 Fed. Repr. 539.

OPINION BY MR. JUSTICE ELKIN, May 24, 1909:

This is an action in assumpsit on a policy of insurance. The suit was brought by the administrator of the estate of the deceased insured person. The only question raised by the pleadings is whether the insurance contract was in force at the time of the death of the insured. The contract of insurance was what is known as a twenty payment life policy. One of the conditions or privileges written into the contract is the following: " After the first premium shall have been paid a grace of thirty days, during which the contract shall remain in force, will be allowed in the payment of premiums by the insured or by any one for him." The first annual premium was paid and the second was due August 5, 1908, but was not paid upon that date, nor at the time of the death of the insured, August 28, 1908. Under these circumstances appellant contends that failure to pay the annual premium when due, or at least prior to the death of the insured, relieves the company from liability on the insurance contract. The theory is, that failure to pay the premium on the date specified worked a forfeiture of the right to recover, and that the thirty days of grace in which to pay only constituted a privilege by which the insured could reinstate his forfeited insurance, but that the delay was at the risk of the insured and no liability attached to the company until the premium was paid and accepted. Some cases are cited in support of

this contention, but they are easily distinguished on their facts from the case at bar. The line of cases referred to had to deal with policies of fire insurance for definite fixed periods, or with life insurance contracts in which no provision had been made that the policy should remain in force during the period, called days of grace, in which the insured could pay the overdue premium. In no case called to our attention, and indeed it seems impossible to believe there could be any such case, has it ever been held that when the policy in express terms provides that it shall remain in force during the thirty day period, it would be construed to mean that it did not remain in force. Such a construction would do violence to the rights of contracting parties. When the contract shall begin and end, how long and under what conditions it shall remain in force, and when it shall be forfeited all depend upon the terms of the contract itself. When the terms and conditions are plain and unambiguous there is nothing requiring judicial interpretation. In the case at bar the contract provides that the policy shall remain in force during the thirty day period and there is no room for construction. When the person insured died the policy by its own terms was in force and the appellant company is bound thereby.

Judgment affirmed.