## ÆTNA LIFE INSURANCE COMPANY v. PALMER.

1. Where a life-insurance policy provides that "if any subsequent premium be not paid when due, then this policy shall cease, subject to the values and privileges hereinafter described, except that a grace of thirty-one days, during which time the policy remains in full force, will be allowed for the payment of any premium after the first, provided that with the payment of such premium interest at the rate of six per cent. per annum is also paid thereon for the days of grace taken; but for any reckoning herein named the time when a premium becomes due shall be the day herein stipulated therefor without grace," and that "six months after proof is received at the home office of the company, before the sum of any installment thereof becomes payable, that the insured has become wholly, continuously, and permanently disabled . . from causes originating after the delivery of this policy, the company will, if all premiums previously due have been paid, waive the payment of all premiums falling due thereafter during such disability, and . . will pay to the life beneficiary" certain monthly indemnities provided therein; and where, after the arrival of the first anniversary of the policy, but during and before the expiration of the thirty-one-day grace period, the insured becomes totally disabled, and continuously thereafter remains totally disabled, the non-payment of the second premium on or before the maturity of the grace period will not cause the policy to lapse, and will not prevent a recovery of the monthly indemnities therein provided for.
2. The right to indemnities as provided for in the policy of insurance will not be lost if the payment of such second premium is not made until after the receipt by the company of the proof referred to in the second of the stipulations set out in question No. 1.
3. The second premium need not be actually paid as a condition to a suit to recover the indemnities. A suit will lie for the indemnities less the amount of the premium.

No. 4238. DECEMBER 15, 1924.

Questions certified by Court of Appeals (Case No. 14745).

*E. E. Cox,* for plaintiff in error.

*M. A. Warren* and *E. M. Davis,* contra.

HILL, J. The Court of Appeals desires instructions from the Supreme Court upon the following question, a determination of which is necessary for a decision of this case: "Where a life-insurance policy provides that 'if any subsequent premium be not paid when due, then this policy shall cease, subject to the values and privileges hereinafter described, except that a grace of thirty-one days, during which time the policy remains in full force, will be allowed for the payment of any premium after the first, provided that with the payment of such premium interest at the rate of six per cent. per annum is also paid thereon for the days of grace taken;

but for any reckoning herein named the time when a premium becomes due shall be the day herein stipulated therefor without grace,' and that 'six months after proof is received at the home office of the company, before the sum of any installment thereof becomes payable, that the insured has become wholly, continuously, and permanently disabled . . from causes originating after the delivery of this policy, the company will, if all premiums previously due have been paid, waive the payment of all premiums falling due thereafter during such disability, and . . will pay to the life beneficiary' certain monthly indemnities provided therein, and where, after the arrival of the first anniversary of the policy, but during and before the expiration of the thirty-one-day-grace period, the insured becomes totally disabled, and continuously thereafter remains totally disabled, will the non-payment of the second premium on or before the maturity of the grace period cause the policy to lapse, or prevent a recovery of the monthly indemnities therein provided for?

"If the preceding .question should be answered in the negative, then instructions are desired in answer to the following additional questions:

"2. Will the right to the indemnities as provided for in the policy be lost if the payment of such second premium is not made until after the receipt by the company of the proof referred to in the second of the stipulations set out in question No. 1?

"3. Must such second premium be actually paid as a condition precedent to a suit to recover the indemnities, or will a suit lie for the indemnities less the amount of the premium?"

In the view we take of this case, the first question propounded by the Court of Appeals should be answered in the negative. It will be observed from the question propounded that "after the arrival of the first anniversary of the policy," but during and before the expiration of the thirty-one days of grace allowed by the terms of the policy for the payment of the premium, the insured became totally disabled, but the second premium was not paid within the thirty-one-day period allowed as days of grace. Where the language of an insurance policy is capable of two interpretations equally reasonable, it is the general rule that that construction which is most favorable to the insured must be adopted. *Mass. Life Assn.* v. *Robinson,* 104 *Ga.* 256 (30 S. E. 918, 42 L. R. A. 261);

16 Am. & Eng. Enc. Law, 863 (3) ; Landrigan v. Mo. State Life Ins. Co., 211 Mo. App. 89 (245 S. W. 382). Ordinarily the failure to pay a premium on an insurance policy when due works a forfeiture of the insurance. Thompson v. Fidelity Ins. Co., 116 Tenn. 557 (92 S. E. 1098, 6 L. R. A. (N. S.) 1039, 115 Am. St. R. 823) ; Pacific etc. Ins. Co. v. Galbraith, 115 Tenn. 471 (91 S. W. 204, 112 Am. St. R. 862). Forfeitures are not favored by the law, and should not be declared unless demanded by the terms of the contract. The language of the contract here is that "If any subsequent premium [after the first] be not paid when due, then this policy shall cease, subject to the values and privileges herein described, except that a grace of thirty-one days, during which time the policy remains in full force, will be allowed for the payment of any premium after the first," etc. Presumably the first payment had been made, and where "after the arrival of the first anniversary of the policy, but during and before the expiration of the thirty-one-day grace period," the insured became totally disabled, and continuously thereafter remained totally disabled, we are of the opinion that under the language of the policy it did not lapse on the anniversary of the policy, but was valid and binding against the company for the total disability indemnity, not only for and during the year, but within the thirty-one days of grace allowed by the policy thereafter. The non-payment of the second premium on or before the maturity of the grace period will not cause the policy to lapse or prevent a recovery of the monthly indemnities therein provided for. This identical question seems not to have been decided by our own courts, but there are a number of decisions in outside jurisdictions to the above effect. It has been held that where a premium falls due on October 1, which is Sunday, the thirty-days grace allowed by the policy commenced to run at midnight of that day and expired at midnight on October 31. Ætna Life Ins. Co. v. Wimberly, 102 Tex. 46 (112 S. W. 1038, 23 L. R. A. (N. S.) 759, 132 Am. St. R. 852). In the case of McMaster v. N. Y. Life Ins. Co., 183 U. S. 25, 26 (22 Sup. Ct. 10, 46 L. ed. 64), it was held by the Supreme Court of the United States: "The rule in respect of forfeiture, that if policies of insurance are so framed as to be fairly open to construction, that view should be adopted, if possible, which will sustain rather than forfeit the contract, is applicable. . . Tested by that rule, these policies

were not in force earlier. than December 18, 1893; and as the annual premiums had been paid up to December 18, 1894, forfeiture could not be insisted on for any part of that year or of the month of grace also secured by the contract." In delivering the opinion of the court Mr. Chief Justice Fuller said: "The truth is the policies were not in force until December 18; and as the premiums were to be paid annually, and were so paid in advance on delivery, the second payments were not demandable on December 12, 1894, as a condition of the continuance of the policies from the 12th to the 18th. And as the policies could not be forfeited for non-payment during that time, the month of grace could not be shortened by deducting the six days which belonged to McMaster of right. In our opinion the payment of the first year's premium made the policies non-forfeitable for the period of thirteen months; and inasmuch as the death of McMaster took place within that period, the alleged forfeiture furnished no defense to the action."

In Gottlieb *v*. Abraham Lincoln Mutual Life Ins. Co., 225 Pa. 102 (73 Atl. 1057, 133 Am. St. R. 856), it was held that "Where a policy of life insurance provides that 'after the first premium shall have been paid a grace of thirty days, during which the contract shall remain in force, will be allowed in the payment of the premiums,' and the insured pays the first premium promptly, but dies twenty-three days after the second payment is due without paying it, the policy is in force at the time of the death, and the company is bound to pay it." In delivering the opinion of the court Elkin, Judge, said: "In no case called to our attention, and indeed it seems impossible to believe there could be any such case, has it ever been held that when the policy in express terms provides that it shall remain in force during the thirty-day period, it would be construed to mean that it did not remain in force. Such a construction would do violence to the rights of contracting parties. When the contract shall begin and end, how long and under what conditions it shall remain in force, and when it shall be forfeited, all depend upon the terms of the contract itself. When the terms and conditions are plain and unambiguous, there is nothing requiring judicial interpretation. In the case at bar the contract provides that the policy shall remain in force during the thirty-day period, and there is no room for construction. When the person

insured died the policy by its own terms was in force, and the appellant company is bound thereby."

In 6 Supp. Cooley's Briefs on Ins. 779, it is said: "A covenant of an insurance company to pay a life policy, and that of insured to pay subsequent premiums after the first year, is not so independent that the agreement to pay without actual payment would be sufficient to keep the policy in force (Noble v. So. States Mutual Life Ins. Co., 162 S. W. 528, 157 Ky. 46); and where a life-insurance policy provided that, after payment of the first premium thirty days of grace shall be allowed on subsequent premiums, and insured died after paying the first premium, without paying the second, and within thirty days after it became due, his failure to pay the second premium within the days of grace did not authorize a forfeiture of the policy" (citing the Gottlieb case, supra). In Cilek v. N. Y. Life Ins. Co., 97 Neb. 56 (149 N. W. 49, 1071), it was stated and held that "The application signed by the insured was dated June 13, 1899. The application was approved and policy issued at the home office of the defendant on June 23, 1899. The premium was to be paid annually. The premium due in June, 1906, was not paid. The application contained a clause that the company would incur no liability until the application had been received and approved by the company at its home office and the premium had actually been paid to and accepted by the company or its authorized agent during the lifetime and good health of the applicant. The policy contained a stipulation that 'a grace of one month, during which the policy remains in full force, will be allowed in payment of all premiums except the first.' The insured died July 23, 1906. *Held,* that the contract of insurance did not go into effect prior to the issuance of the policy on June 23, 1899, that the payment of premium for each succeeding year extended the life of the policy for an additional year from June 23, and that, with the month of grace added to that date in 1906, the policy in suit had not lapsed, but was in full force and effect at the time of insured's death." And see Landrigan v. Missouri State Life Ins. Co., supra, where it was said: "Where the premium is paid for the annual period, the policy runs for one year from said date. And, from the authorities we have reviewed, we are persuaded to believe the correct rule to be that the period of grace begins at the termination of the date for which the insurance

was actually paid by the insured. That is to say, if' the policy begins and ends under the premium paid for the yearly term from the date of delivery, and one year thereafter, then the period of grace allowed the insured begins on the anniversary of the date of delivery of the policy with the first payment, or at the end of the year of insurance as it runs under the premium paid. . . The provision allowing a month's grace to the insured means a month from the time that the premium has become consumed. In other words, it carries in force and keeps alive the policy one month from the date same has run its course under the paid premium."

*All the Justices concur, except*

BECK, P. J., and GILBERT, J., dissenting. We cannot concur in the conclusion reached by the majority of the court, as stated in the first headnote. The suit in this case is for an indemnity against accident. The cases cited by the majority deal with policies insuring the lives of the holders. A contract of life insurance ceases and determines on the death of the insured, and all rights under the contract vest. In accident policies the contract does not cease on the happening of the accident or injury. The stipulations in the cases cited are not identical with that in this case. In the cases cited the policies simply stipulated that the insured should have a stated period of grace within which the premium could be paid, and extended the policy over the period of grace. In this case the insured was allowed a period of grace and the terms of the policy were extended over that period, provided the premium should be paid within the period. It was not so paid, and the policy was therefore not kept in life.