## Western & Southern Life Insurance Company v. Carroll's Administrator.

(Decided March 1, 1932)

WILLIAM MARSHALL BULLITT, BRUCE & BULLITT and EUGENE B. COCHRAN for appellant.

M. JOSEPH SCHMITT and A. VEENEMAN for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

On October 17, 1929, Mary L. Carroll applied to the Western & Southern Life Insurance Company for a policy insuring her life in the sum of $500. The policy was delivered on October 21, 1929. A few days later the insured died. The company having denied liability, this action was brought by the administrator of the insured to recover on the policy. The company was awarded the burden of proof, and, at the conclusion of its evidence, the court directed a verdict in favor of the administrator. The company appeals.

Among the provisions of the policy was the following:

"No obligation is assumed by the Company unless on the date and delivery hereof the Insured is alive and in sound health."

The only ground urged for reversal is that the court erred in refusing to permit the company to show that the insured was not in sound health on the day the policy was delivered. The argument is that the well-established rule that an unsound-health clause like the one above refers only to ill health or diseases occurring after the application and medical examination or inspection, Metropolitan Life Insurance Co. v. Walters, 215 Ky. 379, 285 S. W. 252, 60 A. L. R. 194, and does not apply where no medical examination or inspection was made, Metropolitan Life Insurance Co. v. Taylor's Adm'r, 219 Ky. 549, 293 S. W. 1061, and, the company having shown that there was neither medical examination nor inspection, the court should have permitted it to prove that on the day the policy was delivered, and for several months prior thereto, the insured had not been in sound health. The difficulty with this contention grows out of the fact that the company did not prove by competent evidence that there was no medical examination or inspection. Though at first the witnesses testified to that effect, it developed on further examination that neither was present when the transaction took place, and that their statements were based on inference and not on actual knowledge. In the circumstances, their evidence was of no probative effect, and the court did not err in holding it insufficient to authorize the submission of the question to the jury. With this evidence excluded, the company was not entitled to show that the insured was in unsound health on the day the policy was delivered, in the absence of proof that such unsoundness of health occurred after the application and medical examination or inspection. As the company failed to establish its defense, the trial court properly directed a verdict in favor of the administrator.

Judgment affirmed.