## Dale v. Ætna Life Insurance Company

Finletter, P. J., October 5, 1933.—Plaintiff is one of the beneficiaries named in a group insurance policy issued by the defendant, upon the application of the employer of her husband.

The policy is a renewal of one issued in 1927 for a term of 1 year with the right of renewal. Each renewal was for 1 year.

The premium was payable in one payment made by the employer upon the issuance of the policy. If the right of renewal was exercised another premium became due.

The last renewed term ended on August 1, 1932. It was not then renewed. On the contrary, the employer notified the insurance company, the assured and the

beneficiary that the policy was canceled. The company apparently assented to the cancellation, but the assured and the beneficiary took no notice of it.

The policy contained a clause providing for 31 days of grace: "A grace of thirty-one days, during which the policy shall remain in force, will be allowed in payment of all premiums except the first."

Before the expiration of the days of grace, that is, on August 23, 1932, the assured died.

The questions raised at the argument were under the following heads:

1. The right of the employer to cancel such a policy without the consent of the assured or beneficiary; and herein, what is the status, with relation to the policy, of the employer who causes a group policy to be issued, and the status of the beneficiary, i e., has she a vested interest in view of the clause in the policy giving the assured the right to change the beneficiary, he not having exercised that right?

2. Whether or not, a death or a loss having occurred during the days of grace, the failure to pay the premium due at the beginning of the days of grace voids the policy, or, on the other hand, the premium may be deducted from the sum due upon death or loss.

3. And finally, since the grace is given, in its terms, only in connection with a neglect to pay a premium, does the provision apply where the premium for the whole term was paid at the date of delivery of the policy, and there is no premium due for the term for which the policy is issued.

Taking up this last question, it is plain that the grace is a relaxation only of the provision for payment of premium. It does not refer to any other covenant to be performed by the assured. Indeed there is no such covenant. Nor was any grace needed in connection with payment of premium for the original term. That has been paid in full at the beginning of the term when the policy was issued. It would appear, on these facts alone, that the days-of-grace clause was without purpose or effect on the policy, that there was nothing upon which it could act, a conclusion to be avoided, for obvious reasons, in interpreting the contract.

It appears, however, that the employer (the party who caused the issuance of the policy) has a right under the policy to renew it at the expiration of its term by payment of a premium for the renewed term: "Right of employer to renew. At the end of the first term, and at the end of each subsequent premium paying period, the employer may at his option continue this policy by paying in advance to the company at its home office, or to its agent, the premium for the insuring age attained at the commencement of the policy year by each and all insured."

There is therefore a premium which may be due and payable under the policy, and to this no doubt the days-of-grace clause refers, for it is the only thing it can refer to. During the days of grace, it is provided that the policy shall remain in force. Of course it must remain in force for all purposes and parties.

But the employer canceled it, that is, he directed that it be canceled or at least purported to do so.

Cancellation of an existing contract cannot be made without the consent of those who have an interest in it, or except as provided by the contract or by law.

We are of opinion that the employer had no right to cancel. The parties to the contract were the assured and the insurer. We set aside for the present the status and rights of the beneficiary as they were affected by the right of the insured to change the beneficiary.

The employer who causes a group policy to issue is not a party to it: Couch's Cyclopedia of Insurance, sec. 2094. He is a donor of the policy to his employes,

and is at most a trustee for them or a distributing agent for them: Couch's Cyclopedia of Insurance, sec. 2094. The consideration which moves him to make the gift is the economic benefit he gets from satisfied and contented employes: Thompson v. Pacific Mills et al., 141 S. C. 303, 55 A. L. R. 1237. Once he has made the gift, his connection with the policy ceases, except that he has the right as against the company to cause a renewal for another term. There are no strings to this gift in the employer's hands after it has been executed by delivery of the policy to the employe.

"In considering group insurance it should be remembered that it is not indemnity insurance for the benefit of the employer, but insurance upon the life of the employee for his personal benefit, by way of protection for those made the beneficiaries thereof, usually persons depending upon him. This being the case, the same rules with respect to the nature of the risk would apply as in the case of ordinary life insurance": Couch's Cyclopedia of Insurance, sec. 1134. "Since the purpose of group insurance is to insure the lives of employes for their benefit, they are the real parties in interest": Couch's Cyclopedia of Insurance, sec. 2094.

We therefore think the employer's attempt to cancel the policy was without effect.

Was the contract in effect after the expiration of its term of 1 year? We think it was, because it was kept in force by the days-of-grace clause operating upon the renewal premium.

If there is anything in the policy to which grace could apply (and we have shown above there is), the covenant that the policy shall be in effect during the period of grace applies for all purposes.

We are not called upon to decide what would have been the situation if, instead of canceling it, the employer had simply notified the company that he did not wish to exercise his right of renewal. He did not do so, but tried to cancel the policy, a thing he had no right to do. Notwithstanding the notice to cancel, the employer might have renewed the policy at any time during the 31 days. The cancellation was ineffective in favor of the company as against the employer, being both without consideration and beyond the power of the employer.

Does a death or loss which occurs during the period of grace give rise to liability to pay the insurance? The rule is thus stated in Couch's Cyclopedia of Insurance, sec. 633 (*a*) : "Whether days of grace, within which payment of premiums may be made, are stipulated for in the contract, or the allowance thereof is required by statute, or otherwise, the effect is to continue the policy in full force during the period of grace allowed, and it cannot be forfeited until the expiration thereof."

And this is true even if the second premium has not been paid during the grace or before the loss. The amount of the premium can be deducted from the sum due on the policies.

Mr. Couch also deals with the effect of death or loss within the period of grace in section 633 (*b*), both in general and as to particular States. He says that there is some diversity of opinion upon the question whether payment, after death but within the period of grace, will support the policy. See this section for a review of the cases pro and con. It is sufficient to point out that among the States which hold to the rule of nonforfeiture is our own.

See Gottlieb v. Abraham Lincoln Mutual Life Ins. Co., 225 Pa. 102, in which the provision of the policy was the same as in the instant case: "After the first premium shall have been paid a grace of thirty days, during which the contract

shall remain in force, will be allowed in the payment of premiums by the insured or by any one for him." Mr. Justice Elkin said. "In no case called to our attention . . . has it ever been held that when the policy in express terms provides that it shall remain in force during the thirty day period, it would be construed to mean that it did not remain in force."

For these reasons we think the rule for judgment for the plaintiff should be made absolute.