## Pacific Mut. Life Ins. Co. v. Sutherland et al.

Feb. 17, 1939.

WM. MARSHALL BULLITT, ROBERT LEE BLACKWELL and BRUCE & BULLITT for appellant.

L. B. ALEXANDER for appellees.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

On the 13th day of July, 1936, the Pacific Mutual Life Insurance Company of California issued to Edwin C. Sutherland, Jr., its policy of insurance in the sum of

$1,000 whereby it insured his life against accidental death. The annual premium on the policy was $27, and by agreement which was made part of the contract, this sum was divided into twelve monthly payments of $2.25 each. At the time the policy was issued and at all times mentioned herein, the insured was an employee of the Illinois Central Railroad Company, and at the time the application was taken and the policy issued he executed what is called "order on employer" to pay the monthly premiums of $2.25 out of his wages. The policy became effective July 13, 1936, but no monthly installment of premium was required to be paid in advance and the order on the employer and the application which was incorporated in and made a part of the contract, provided that the first monthly installment of $2.25 was to be deducted from the wages to be earned by insured during the first half of the month beginning with August 1936. It is stipulated that the wages earned during the first half of the month were payable on the 25th day of the month and was so understood by the insurer at the time it accepted the application, "order on employer" and issued the policy. This made the first premium due and payable August 25, 1936. The $2.25 payment was paid on August 25, and each subsequent monthly payment was thereafter paid on the 25th day of each succeeding month, until and including February 25, 1937. But the payment due March 25, 1937, was not paid. The insured was accidentally killed on April 2, 1937, and the appellee who was the named beneficiary in the policy, demanded payment of same, whereupon appellant refused payment upon the ground that the policy had lapsed for non-payment of premium due March 25, 1937, and the thirty days grace period had expired before the death of the insured. Appellee thereupon brought this suit to recover of appellant on the policy.

Upon the pleadings and stipulations the sole issue made was whether or not the policy was in force at the time of the death of the insured, and the case was submitted to the court for its finding of law and facts under the policy contract, whereupon the court held and adjudged that the policy was in force, and entered judgment in favor of appellee for the face of the policy, less certain unpaid premiums, which matured since February 25, 1937, up to the time of the judgment. This appeal follows.

The determination of the question as to whether the

policy was in force at the time of the death of the insured depends solely upon when the thirty days grace period began to run. It is provided in the policy that after it has been maintained in force for not less than three consecutive months, the company will allow a grace period of thirty days for the payment of any subsequent premium. It is admitted that the policy was maintained in force for the required three consecutive months and that the insured became entitled to the grace period for the payment of the fourth and each consecutive monthly premium. It is further provided: "The payment of each subsequent installment shall continue said policy in force for a period of one month; all such periods to be computed successively from the date of the policy."

It is appellant's theory that the August 25th payment of premium continued the policy in force to August 13th—one month from the date of the policy—and that the September 25th payment of premium continued it in force to September 13, and likewise the payment of all subsequent premiums on the 25th day of each succeeding month continued the insurance in force to the 13th day of that month, up to and including the last payment made February 25, 1937, which continued the policy in force to February 13, and the thirty days grace expired March 13. It is thus seen that under appellant's theory when the August 25 payment was made, and, the next premium not being due till September 25, the policy was in lapse between the 13th of August and the 25th of September, and the same condition obtains until the November 25 payment which paid up the policy to November 13, plus thirty days grace extending it to December 13, and the next premium not being due until December 25 the policy was in lapse twelve days each month thereafter.

Even though the contract was ambiguous it would be unreasonable to presume that the parties intended to enter into a contract by the terms of which the policy would become in lapse, even before the due date of premium as expressly fixed in the contract. Such would be result of appellant's theory.

By the terms of the contract and the subsequent conduct of the parties, it is clearly apparent that when appellant issued the policy on July 13, 1936, and accepted the insured's "order on employer" for the pay-

ment of the first premium due August 25, it was intended by the parties that the policy was to be in force until August 25; and, each subsequent payment of premium being due on the 25th day of each succeeding month, it results that the policy was kept in force from the date of payment of one premium to the due date of the payment of the next premium, and thus avoid the absurd and unreasonable situation of the policy being in lapse at any time.

In the case of Gilmore v. Continental Casualty Company, 58 Wash. 203, 108 P. 447, the facts and contract of insurance are substantially the same as those in the present case. It was stipulated in the policy that the premium should be paid in installments out of insured's wages for designated months. It was understood that the earnings of insured in any particular month were not to be paid until the latter end of the succeeding month and that no remittance would be made on the premium until the arrival of the pay day, though funds were in the hands of the employer applicable to that purpose on the first day of the succeeding month. It was held that there was no default in the payment of an installment until the arrival of the pay day.

In the present case when the October premium was paid the policy was continued in force to November 25, the due date of the next premium, and insured then being entitled to the grace period, his policy was in force to December 25, 1936, and by this method of computation the premium paid on February 25, 1937, continued the policy in force to March 25, 1937, the due date of the next premium, and in default of payment of that premium insured was entitled to the grace period which kept his insurance in force to April 25th, 1937. To hold otherwise would mean that the grace period began to run before the premium was due which would be contrary to the rules of insurance. It is fundamental that the grace period in insurance policies cannot start to run until default in payment of premium, nor can there be default before the premium becomes due.

If it be conceded, however, that appellant's theory or argument be more or less plausible, yet at the most it is sufficient only to create a doubt. Under the rules of construction of insurance policies, in cases of ambiguity or doubt, the construction that would prevent forfeiture will be adopted rather than the one that would work a

forfeiture. Sun Life Assurance Company of Canada v. Wiley, 258 Ky. 311, 79 S. W. (2d) 937.

In view of the express terms of the contract and the construction placed on it by the conduct of the parties, we are constrained to the conclusion that the insured was not in default of payment of premiums until March 25, and the grace period should be computed from that date. It results that the policy was in force on April 2, the date of the death of the insured.

Judgment affirmed.